UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVTAR SINGH ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

CASE NO. 2:26-cv-01741-BAT

**ORDER GRANTING PETITON AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) Respondents to release him from immigration detention; (2) Respondents be enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANT**S the habeas petition as follows.

1. Petitioner, a citizen of India, entered the United States in March 1992. Since then Petitioner's case has gone back and forth between the BIA, hearing before immigration judges, and the Court of Appeals for the Ninth Circuit. Respondents contend Petitioner's order of removal because final in August 2014 after the Ninth Circuit lifted a stay or removal. In November 2025, Petitioner filed another motion to reopen and remand which appears to be pending.

2. Petitioner is married to a United States citizen, has two citizen children and his

ORDER GRANTING PETITON AND
ORDERING RELEASE - 1

wife filed a Form I-130 petition for alien relative in 2011. Petitioner claims he has maintained stable residence, has one misdemeanor conviction in 2000, and another criminal matter was dismissed in 2017 without conviction. On May 12, 2026, Petitioner appeared for a routine check-in at the Seattle ICE field office and was detained without notice or a hearing.

3.     Respondents contend Petitioner's detention is governed by 8 U.S.C. § 1231 because his order of removal became final in 2014 when the Ninth Circuit issued a mandate lifting stay of removal. As noncitizens detained under § 1231 may be held lawfully for an initial 90-day removal period, Respondents argue Petitioner, who was redetained on May 12, 2026 is subject to the 90-day period, and further the length of his detention does not violate due process under *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Court rejects Respondents' argument. The 90-day period under § 1231(a)(3) started on August 7, 2014 when Petitioner's order of removal became final, and expired November 5, 2014. Thus, Petitioner's detention does not fall within the 90-day period under § 1231. As to the due process limits on prolonged detention prohibited by *Zadvydas,* Petitioner did not claim his detention is unduly prolonged, and thus that issue is not before the Court.

4.     The parties spar over whether Petitioner's recent redetention violated due process under the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest given the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens regarding additional procedural safeguards. *Id.* at 334-35.

4.     Respondents acknowledge Petitioner has liberty interest in his continued freedom from detention while on release but as a noncitizen he has a lesser interest. The Court rejects this as due process protects both citizens and noncitizen. *See Zadvydas v. Davis,* 533 U.S. at 693. The

ORDER GRANTING PETITON AND
ORDERING RELEASE - 2

Court finds the first *Mathews* factor favors Petitioner. Respondents argue the second factor, risk of erroneous deprivation, tilts in their favor because they have the means to and ability to effectuate Petitioner's removal. The argument conflates Respondents' powers to remove with whether there is a basis to detain. The Court rejects the argument and finds the second factor favors Petitioner. And lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, *v. Wasmley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

5.    The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and all *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.    Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.    Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed

3.    Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.    The Court denies any blanket request that Respondents be enjoined

ORDER GRANTING PETITON AND
ORDERING RELEASE - 3

from ever again redetaining Petitioner without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. However, Respondents are **PROHIBITED** from redetaining Petitioner for invalid reasons or no reason at all.

5.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be made directly to counsel, counsel should submit proof Petitioner has assigned EAJA fees and costs to counsel.

6.      The clerk shall provide a copy of this order to all counsel.

DATED this 9th day of June, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITON AND
ORDERING RELEASE - 4